NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 31, 2012
Decided October 3, 2012

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*[*]

No. 11-1752

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | On Remand from the Supreme Court of the United States |
| *v.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| PEDRO HERNANDEZ, <br> *Defendant-Appellant*. | No. 08 CR 832 |
| | Amy J. St. Eve, *Judge* |

**O R D E R**

---

[*] Circuit Judge Terence T. Evans was a member of the original panel in this case. He died on August 10, 2011, and thus did not participate in the decision of this case on remand from the Supreme Court. The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

On July 31, 2012, the Supreme Court of the United States granted Pedro Hernandez's petition for a writ of certiorari, vacated this court's judgment in the case, and remanded for further consideration in light of *Dorsey v. United States,* 567 U.S. –, 132 S. Ct. 2321 (2012). In accordance with Circuit Rule 54, both parties have filed statements of position setting forth the action that they believe should be taken. The Government concedes that Hernandez was sentenced after August 3, 2010, for an offense involving cocaine base, and that under *Dorsey* he should have been sentenced within the statutory penalties set by the Fair Sentencing Act of 2010. Following the law that then prevailed in this circuit, the district court had not done so. The Government now concedes that this error was not harmless, because the court imposed a sentence at the old mandatory minimum and did not indicate either way whether it would have necessarily given a lower sentence. Hernandez also argues that he is entitled to resentencing in a manner consistent with the Fair Sentencing Act and *Dorsey.*

We agree with the assessments of both parties. We thus VACATE Hernandez's sentence and REMAND this case to the district court for the Northern District of Illinois for re-sentencing under the Fair Sentencing Act of 2010, as required by *Dorsey.*

SO ORDERED.